# Dallmeyer *v.* Ferguson.

*Adverse possession—Marketable title to real estate—Vendor and vendee.*

Where a person purchases land at a sheriff's sale and takes a deed from the sheriff, and he and his successors in title hold the land continuously, notoriously and adversely for seventy-two years, a marketable title is acquired, although the defendant in the execution under which the sheriff's sale was held had no record title.

Argued Oct. 31, 1900. Appeal, No. 161, Oct. T., 1900, by defendant, from decree of C. P. No. 2, Allegheny Co., Oct. T., 1900, No. 719, on bill in equity in case of Margaret Dallmeyer v. E. M. Ferguson. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for specific performance.

From the record it appeared that on December 13, 1814, John Linton, who had a complete record title under a grant from John Penn and mesne conveyances, conveyed a portion of the land in question to Robert McElhenny, Jr., and that sub-

sequently Linton's remaining interest was sold at a sheriff's sale to Alexander Miller to whom a deed was made on November 22, 1824. There is no record of any deed or conveyance of the land from Alexander Miller and Robert McElhenny, Jr. In 1826 certain judgments were entered against Samuel K. Page, and under these judgments the land in question was sold by the sheriff to Charles Avery, to whom a sheriff's deed was made. By successive deeds, conveyances, descents and partition proceedings, the title became vested in the plaintiff. From the time of the conveyance to Avery, in 1827, he and his successors in title held the land continuously, notoriously and adversely. Neither Robert McElhenney, Jr., nor Alexander Miller, nor any person claiming by, to or under them, ever claimed any right, title or interest in the land. The court, in an opinion by Frazer, J., found that the plaintiff had a good marketable title, and accordingly entered a decree of specific performance against the defendant who had agreed to purchase the land.

*Error assigned* was the decree of the court.

*Willis F. McCook*, with him *Charles A. Woods*, for appellant. —The title was not marketable : Speakman v. Forepaugh, 44 Pa. 371 ; Swayne v. Lyon, 67 Pa. 439 ; Nicol v. Carr, 35 Pa. 382 ; Doebler's App., 64 Pa. 17 ; Murray v. Ellis, 112 Pa. 492 ; Rodgers's Est., 192 Pa. 103.

*John McCleave*, with him *D. T. Watson* and *John S. Wendt*, for appellee.—A continued adverse possession of land for twenty-one years, under the act of March 26, 1785, gives an absolute fee simple title which is valid, not only by way of defense, but sufficient to recover upon in ejectment, against every one other than the persons excepted by the terms of the act : Pederick v. Searle, 5 S. & R. 236 ; Watson v. Gregg, 10 Watts, 295 ; Bicknell v. Comstock, 113 U. S. 151 ; Leffingwell v. Warren, 2 Black (U. S.), 599 ; Hunt v. Wall, 75 Pa. 413 ; Hogg v. Ashman, 83 Pa. 80 ; Updegrove v. Blum, 117 Pa. 259 ; Boyd v. Weber, 193 Pa. 651.

A title depending upon the bar of the statute of limitations may be marketable, and a purchaser compelled to accept it, if

it clearly appear that the entry of the real owner is barred: Pratt v. Eby, 67 Pa. 396; Shober v. Dutton, 6 Phila. 185; Ottinger v. Strasburger, 33 Hun, 466; Day v. Kingsland, 57 N. J. Eq. 134; Greenblatt v. Hermann, 144 N. Y. 13; First African Methodist Episcopal Society v. Brown, 147 Mass. 296; Garden City Sand Co. v. Miller, 157 Ill. 225.

PER CURIAM, January 7, 1901:

The record shows a possible outstanding title under McElhenny or Miller. But it is a bare and rather remote possibility, not sufficient to make a title under possession for seventy-two years so doubtful as to be unmarketable. We therefore dismiss the assignments and affirm the decree entered by the learned court below.

Judgment affirmed.